IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN L. SHERMAN,

    Plaintiff,

v.

TRACY WOOD AND ROD MCALLISTER, individually,

    Defendants.

1:12-CV-483-PA

**ORDER**

**PANNER, District Judge:**

    Following a jury trial, plaintiff moves for a new trial pursuant to rule 59(a) on his false arrest claim. Plaintiff argues that the jury's verdict - that plaintiff had not demonstrated the arresting officers lacked probable cause to arrest the plaintiff - was against the weight of the evidence. For the reasons stated below, plaintiff's motion for a new trial is DENIED.

### STANDARDS

    Under Rule 59, a trial court may order a new trial only if the jury's verdict was against the clear weight of the evidence, based on false evidence, or presents a miscarriage of justice. <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 729 (9th Cir. 2007).

1 - ORDER

**DISCUSSION**

Probable cause exists if, at the time of the arrest, the facts and circumstances known to the officers "were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." Edgerly v. City and County of San Francisco, 599 F.3d 946, 953 (9th Cir. 2010)(quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). Defendants arrested Sherman for violating Criminal Mischief III, which states:

> (1) A person commits the crime of criminal mischief in the third degree if, with intent to cause substantial inconvenience to the owner or to the other person, and having no right to do so nor reasonable ground to believe that the person has such right, the person tampers or interferes with property of another.

ORS 164.345.

Plaintiff's memorandum essentially lays out his testimony and evidence at trial. At trial, plaintiff attempted to demonstrate that he had a reasonable belief that he could tamper with his neighbor's property, that the officers knew his beliefs were reasonable, and that the officers arrested plaintiff anyway.

Plaintiff's memorandum discounts the jury's finding that a reasonable officer in the defendants' respective positions could have believed plaintiff committed Criminal Mischief III. That finding was supported by ample evidence at trial, including: evidence that officers previously informed plaintiff that he had no right to tamper with the neighbor's property; photographic and testimonial evidence that perhaps plaintiff damaged the neighbor's trees, which were out of the roadway and were not causing a hazard; testimonial, photographic, and video evidence that the

2 - ORDER

rocks in the roadway did not in fact create a hazard; evidence that the pooling water was not a hazard; and the officers' own testimony that they believed plaintiff had no reasonable belief to tamper with the neighbor's property. I note the evidence supporting the jury's verdict listed above is not exhaustive.

Although plaintiff provided evidence in support of his claim, the jury had ample evidence from which to conclude not only that plaintiff's beliefs were unreasonable, but also, and more importantly, that a reasonable officer could have concluded that plaintiff's beliefs were unreasonable. The jury clearly credited the officers' own testimony. The jury's verdict was not against the weight of the evidence. Although plaintiff presented evidence from which the jury could find the officers lacked probable cause, that the jury credited other evidence does not mean its verdict was against the weight of the evidence.

## CONCLUSION

Plaintiff's motion for a new trial [#64] is DENIED.

IT IS SO ORDERED.

DATED this ___2___ day of November, 2012.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

3 - ORDER